UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

FREDERICK J. BAUER, DDS
13610 Shaker Boulevard
Cleveland, OH 44120

   Plaintiff,

   v.              Case No: 16-CV-0667

DENTAQUEST, LLC
12121 North Corporate Parkway
Mequon, WI 53092

   Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Frederick J. Bauer, DDS, by his counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorney Janet L. Heins, as and for a claim against the Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), 42 U.S.C. §12101 *et seq.*

2. The unlawful employment practices giving rise to the Plaintiff's claims occurred within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b), *inter alia.*

## THE PARTIES

3. Plaintiff, Frederick J. Bauer, DDS, is an adult male resident of the State of Ohio, residing at 13610 Shaker Boulevard, Cleveland, Ohio 44120. He resided in Wisconsin at all times material herein and worked for the Defendant at its Mequon, Wisconsin location.

4. Defendant, DentaQuest was, at all times material herein, a foreign limited liability company with a principal address of 465 Medford Street, Boston, Massachusetts 02129, doing substantial business in the State of Wisconsin in interstate commerce at 12121 North Corporate Parkway, Mequon, WI 53092.

## THE FACTS

5. Plaintiff began working for Defendant December 2011 as a Dental Director Consultant.

6. Plaintiff, a licensed dentist for over 30 years, has never had an issue with or dependency upon alcohol. He never consumed alcohol at work at the Defendant and was never under the influence of alcohol at work. Plaintiff was never unable to perform his job at Defendant.

7. At all times material herein, Plaintiff performed his work duties in accordance with the reasonable expectations of the Defendant, receiving positive reviews of his performance. Plaintiff maintained a positive work record while employed with the Defendant, earning a promotion and significant pay raise to Director, Clinical Management on or about August 26, 2013. Plaintiff also received bonuses during his employment by Defendant.

8. On or about September 24, 2014, Plaintiff was called to Velma Gordon's (Human Resources) office following an alleged report that suspected Plaintiff of consuming alcohol. Gordon asked if Plaintiff had been drinking and whether he had a drinking problem. Plaintiff stated he had one drink the night before but denied having a drinking problem. Defendant forced Plaintiff

to submit to a breath test, which reported miniscule amounts of alcohol in his system reflecting the prior evening's consumption, confirming Plaintiff's statement.

9. Plaintiff was terminated that day, on or about September 24, 2014. Doug Campbell, Human Resources Manager, sent him a letter dated September 25, 2015, confirming his termination.

10. Plaintiff appealed his termination, contacting Sheryl Traylor (Human Resources Executive). During a phone call with Plaintiff on or about October 7, 2014, Traylor repeatedly questioned Plaintiff whether he had a problem with alcohol. After excessive browbeating by Traylor, Plaintiff admitted the possibility of having an alcohol problem just to stop the interrogation. Traylor then told Plaintiff that his status could be changed to an unpaid leave of absence with a demotion and a $50,000 cut in annual salary and no eligibility for management bonuses if he agreed to be evaluated by an AODA counselor.

11. On or about October 10, 2014, Plaintiff, at Defendant's direction, met with Dr. Greg Foker, Ph.D., who, after three outpatient visits with Plaintiff "to support no alcohol abuse problem" cleared Plaintiff to return to work at Defendant on or about October 17, 2014.

12. On or about October 29, 2014, Plaintiff returned to work but was unable to access his email or computer system. At no time on October 29, 2014 did anyone accuse Plaintiff of smelling like alcohol or otherwise exhibiting any potential signs of alcohol use or intoxication, nor did he.

13. At approximately 4:30 p.m. on October 29, 2014, Plaintiff was summoned to Gordon's office where he was presented with a "Last Chance Employment Agreement to return to work with a required acknowledgement "to DentaQuest that, while in its employment, I have had and do have an alcohol-abuse problem, and that I thereby violated the Company's policy regarding substance-abuse. I understand that my alcohol-abuse problem could have subjected me to

immediate termination." The Agreement also required Plaintiff to enroll in a treatment program for alcohol abuse and submit to random drug and alcohol testing upon his return to work.

14. Gordon had no reports of or suspicions of Plaintiff being under the influence of alcohol at work on October 29, 2014 prior to presenting Plaintiff with the Agreement.

15. Plaintiff refused to sign the Last Chance Employment Agreement because he does not have a problem with alcohol abuse. Gordon told Plaintiff that he would not be allowed to return to work unless he signed the Agreement. Plaintiff asked to have an attorney review the Agreement, and Gordon placed Plaintiff on an unpaid suspension and escorted him out of the building.

16. On or about November 17, 2014, Defendant reinstated Plaintiff's termination permanently after Plaintiff refused to sign the Agreement because he did not have an alcohol abuse problem.

17. On March 6, 2015, Plaintiff filed an employment discrimination complaint against Defendant with the Equal Rights Division ("ERD") designated as ERD Case No. CR201500631 and cross-filed with the U.S. Equal Employment Opportunity Commission as EEOC Case No. 26G201500587.

18. The EEOC issued Plaintiff a Notice of Right to Sue for this case on March 9, 2016, which he received on March 11, 2016.

19. Plaintiff has exhausted all of his administrative remedies and has satisfied all conditions precedent to bringing this action.

### FIRST CLAIM FOR RELIEF — ADAAA DISCRIMINATION

20. Plaintiff realleges and incorporates paragraphs 1-19 of this complaint by reference.

21. Defendant discriminated against Plaintiff based on his perceived disability of alcohol

abuse in the terms and conditions of his employment and by terminating his employment, in intentional or reckless disregard of his federally protected rights under the ADAAA, 42 U.S.C. §12101 *et seq.*

22. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, loss of reputation among his co-workers and in his profession, pain and suffering, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

### SECOND CLAIM FOR RELIEF – ADAAA RETALIATION

23. Plaintiff realleges and incorporates paragraphs 1-22 of this complaint by reference.

24. Defendant retaliated against Plaintiff for complaining about Defendant treating him less favorably based on its perception of his having a disability of alcohol abuse by terminating his employment, in intentional or reckless disregard of his federally protected rights under the ADAAA, 42 U.S.C. §12101 et seq.

25. As a result of Defendant's intentional retaliation, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, loss of reputation among his co-workers and in his profession, pain and suffering, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, liquidated damages, compensatory and punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and

expenses in an amount to be shown at trial;

2. Grant to Plaintiff his attorney fees, costs and disbursements as provided by 42 U.S.C. § 12117, and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

Dated this 7th day of June, 2016.

HEINS EMPLOYMENT LAW PRACTICE LLC
Counsel for the Plaintiff

*s/ Janet L. Heins* .
Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com